## CALAUSKY v. LEHIGH VALLEY COAL CO.

### (District Court, S. D. New York. March 23, 1914.)

1. MASTER AND SERVANT (§ 95½*)—LIABILITY FOR ACTS OR OMISSIONS OF PERSONS COMPULSORILY EMPLOYED.

The Pennsylvania statutes requiring mineowners to employ a mine foreman and to place the underground workings of the mine in charge of him, and such assistants as he may employ, do not prevent the owner employing the foreman to perform duties outside of and beyond his statutory duties, and for negligence in the performance of such contract duties the owner is liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 358; Dec. Dig. § 95½.*]

2. MASTER AND SERVANT (§ 247*)—LIABILITY FOR INJURIES—CONTRIBUTORY NEGLIGENCE.

An employé's negligence did not defeat a recovery for injuries caused by the employer's negligence, unless it contributed in some way to the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 795–800; Dec. Dig. § 247.*]

3. MASTER AND SERVANT (§ 231*)—LIABILITY FOR INJURIES—RELIANCE ON EMPLOYER'S ASSURANCES.

Where a miner called attention to the dampness of powder or dynamite and was assured by his employer that it was all right and safe, he had a right to rely on such assurance unless he knew to the contrary, and where, because of its dampness, it failed to explode when used in charging a hole in the usual manner, whereupon in the usual and customary mode of proceeding he placed another charge which in exploding failed to explode the first charge, the employer was liable for injuries caused by the first charge exploding when struck by a pick in breaking up the coal dislodged by the second charge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 675–677; Dec. Dig. § 231.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by George Calausky against the Lehigh Valley Coal Company. On motion by defendant to set aside a verdict for plaintiff, and for a new trial. Motion denied.

Alexander & Green, of New York City (C. P. Williamson, of New York City, of counsel), for the motion.

Richard W. Darling and L. B. Treadwell, both of New York City (Frank McGaffry, of Brooklyn, N. Y., of counsel), opposed.

RAY, District Judge. Having gone over the evidence and charge in this case, I am of the opinion that the motion to set aside the verdict and for an order granting a new trial should be denied.

The plaintiff was an experienced miner, of good character, employed by the defendant in its mine, and was engaged in mining coal for the defendant. He had a helper, so called. Having drilled into the walls of the chamber assigned to him by the defendant and in which he was operating and dislodged a mass of coal, he with his helper was engaged the following day in loading the coal onto a car for the purpose of removal from the mine, when, on striking a large mass or lump with a pick for the purpose of breaking it up so as to be handled, a charge of powder or dynamite or both contained in such lump or mass exploded, and the plaintiff was seriously injured. The sight of one eye was entirely destroyed and that of the other very seriously impaired. He received other injuries. The plaintiff contended that this charge of explosive material was in this mass or large lump of coal by reason of the negligence of the defendant. The defendant contended it was there by reason of the negligence of the plaintiff. The defendant contended that plaintiff drilled a hole into the side of his chamber, inserted his charge of powder and dynamite with tamping, and that when it failed to explode he dug out a part of the tamping and inserted another charge on top on the first, the unexploded one, trusting to the explosion of the last charge to explode the first one; that the explosion of the second one did blow out a large mass of coal, but failed to explode the charge first placed in the hole; and that this accounts for the presence of the charge in the mass of displaced coal which exploded when struck by the plaintiff's pick the next day and did the damage complained of.

The jury was expressly charged that, if the accident happened in this way or for such reason, plaintiff could not recover. The jury found that the accident and explosion did not happen by reason of any such cause or causes.

The plaintiff claimed and gave evidence tending to establish: That he drilled into the walls of his chamber in the usual and the approved manner, charged the hole in the usual manner, but that such charge failed to explode because of the dampness of the powder used in making up the cartridge, and that such dampness was the result of the negligence of the defendant. That thereupon, in the usual and approved manner, he drilled another hole by the side of the former one at a little distance therefrom, loaded it, using powder from another can, and exploded it, thereby blowing out and dislodging a mass of coal including the large lump containing the first charge. That this was the usual and customary mode of proceeding, and that when powder is dry, etc.,

212 F.—20

the explosion of the charge in the second hole will explode the charge in the first hole and remove all danger of a concealed, unexploded charge in the mass of dislodged coal.

Each miner of coal has a box in which to keep his tools and his powder and dynamite. These boxes are made by the defendant company and furnished to the miners and charged up to them. The defendant also furnishes all explosives to the miners. The miners are not allowed to select the place where their tool boxes shall be kept. The construction of complainant's box was fully described, and it was apparent that, if standing in a place where water dripped on top of it, the dampness could pass into the interior of the box and dampen the contents including the powder in its keg. The box kept in a dry place was all sufficient, but kept in a damp place where water dripped upon it the powder would or might become dampened.

The plaintiff contended and gave evidence tending to show that he kept his box where he was required by the defendant company to keep it even after he discovered that water dripped on the box and had called defendant's attention to the fact; that he was assured it was all right and safe, etc. The plaintiff gave evidence tending to show, and sufficient to justify the jury in finding, that the place where his box was placed by the defendant and where the plaintiff was required to keep it, and assured it was safe to keep it, was wet or quite damp, and that water dripped from the rocks, etc., overhead, etc.; that in this way his powder became dampened, etc.; and that as a result the charge placed in the hole first drilled failed to explode and was not exploded by the charge placed in and exploded in the second hole, and only exploded by the blow of the pick the next day when the coal was being loaded.

[1] The defendant contended that the negligence, if any, was that of the mine foreman, who had certain statutory duties to perform, and that the defendant, under the laws of Pennsylvania, was not liable for injuries resulting from the nonperformance of those duties by such foreman; and that if there was any negligence it was the failure of this mine foreman to perform a statutory duty.

The defendant requested the court to charge, and the court did charge, as follows:

"The Court: No. 4. 'If the jury believe that any negligence on the part of the mine foreman'—that is, this man Miller—'or his assistants in the performance of their duties caused or contributed to plaintiff's injuries, the defendant is not liable.' I cannot charge that in that form. Anything within their statutory duty, duties imposed upon them by the statute, then, that would be true. They could do both. They could go beyond what their statutory duties were, having been employed by this defendant to go beyond. But work, if it was outside and beyond their statutory duties, which has been read to the jury, and I will read again, then of course defendant would be liable for their negligence if they were not acting within their statutory duty but outside and for the defendant. (Exception by defendant.)

"The Court: 5. 'The law of Pennsylvania in force and effect at and prior to the time that plaintiff received his injuries required the defendant to place the underground workings of the mine and all that related to the same under the charge and daily supervision of a competent person called a mine foreman, who was permitted to employ a sufficient number of competent persons to act as his assistants, and it is the law of Pennsylvania that the owner of the mine shall not be responsible for any act or neglect of the mine foreman or any of his assistants in the performance of their duties as such.' That is

true, gentlemen; the duties imposed by law, by the statute as to that, but that does not cover the duties imposed by their contracts, which are outside of statutory duties, and which are imposed solely by the contract relations existing between them and the defendant company.

"6. 'If the jury believe that any witness has willfully testified falsely as to any material matter, they are at liberty to disregard his entire testimony.' I so charge, gentlemen. That applies to the witnesses on both sides. If a witness comes into court and willfully, knowingly testifies falsely, then the jury may disregard all his testimony. You may. You do not have to, but may.

"7. 'That the jury is not permitted to speculate as to the causes of plaintiff's injuries, but they must, in order to find a verdict for the plaintiff, be satisfied by a preponderance of the negligence that the injuries occurred solely by reason of the negligence of the defendant or some employé or agent of the defendant, for whose acts or neglect the defendant is responsible.' That is true, gentlemen. I have already covered that. It is merely repetition.

"8. 'That unless the jury is satisfied by a preponderance of the evidence that through some negligent act or· omission on the part of the defendant or some agent or employé of the defendant, for whose acts it can be held responsible under the law as ·before stated, plaintiff's powder became "wet, damp, and deteriorated," and as a direct and natural consequence thereof the plaintiff's injuries resulted, the verdict must be for the defendant.' Well, direct in the way I have pointed out. Yes, that is true. Of course, we do not want any confusion about direct, because it was indirect really, the way the accident occurred, and the failure to explode, so that the injury came about in an indirect way. With that qualification I charge that.

[2] "9. 'That even though the jury should find that there was some negligence on the part of the defendant, yet if they find that the plaintiff failed in any respect to exercise proper care and caution, the verdict must be for the defendant.' I charge that, provided that the failure of the defendant contributed in any way to the injury. Of course, if it was some neglect outside of that negligence that contributed to the injury, it would not defeat recovery. He may have been negligent for 50 years, and that would not defeat any recovery, gentlemen. Negligence on his part that has in any degree brought about this injury, that is the question. Have I not charged No. 10 sufficiently?"

This excluded from the consideration of the jury as a basis for finding negligence everything by way of failure to perform a statutory duty. It was a holding, following the Circuit Court of Appeals in this circuit, that defendant could employ these men to go beyond, do more than, their statutory duties, and that when acting pursuant to their employment and outside of and beyond their statutory duties the defendant was liable for their negligence in the performance of such duties.

[3] It will be noted that the negligence of defendant submitted as the sole ground of recovery was, at defendant's request, limited to defendant's allowing the powder to become wet, damp, and deteriorated, and that as a direct and natural consequence thereof the plaintiff's injuries resulted. Plaintiff called attention to the dampness, but was assured that it was all right and safe. This assurance given by the defendant, he had the right to rely upon, unless he knew to the contrary, and on this question the jury was fully instructed.

The question of contributory negligence was, I think, properly submitted, and I find no prejudicial error in the admission or rejection of evidence.

Motion denied. The motion for an extra allowance of costs is also denied.